Modified.

### In re THOMPSON.

### ALFORD v. STATE OF INDIANA ex rel. OGDEN, Atty. Gen.

### No. 4678.

Circuit Court of Appeals, Seventh Circuit.
June 14, 1932.

Jackiel W. Joseph and Linn D. Hay, both of Indianapolis, Ind., for appellant.

James M. Ogden and Earl B. Stroup, both of Indianapolis, Ind., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The issue is whether the state of Indiana is entitled to its awarded priority for its claim against the estate of the bankrupt for $10,157.93, representing the amount of the Indiana statutory tax on gasoline which the bankrupt had sold within the state at retail, as a dealer, from April, 1928, to October, 1929, but upon which he had paid the state no tax.

The statute (section 10178, Burns' Ann. Ind. Stat. 1926, as amended in Supp. 1929), provides that a license fee on gasoline "be collected by the dealer selling gasoline to purchasers who purchase for purposes other than resale, and shall be paid by the purchaser to the dealer and by such dealer to the auditor of state," in the amount of four cents per gallon or fraction of a gallon (three cents during earlier part of the period) on all gasoline used in the state.

Section 4 of the amendatory act of 1925, c. 49 (section 10181, Burns' Ann. Ind. Stat. 1926), provides: "Hereafter when the property of any [gasoline] dealer shall be seized upon any mesne or final process of any court of this state, or when the business of any dealer shall be suspended by the action of creditors or put into the hands of any assignee, receiver or trustee, or when any such dealer shall have filed a petition in bankruptcy, then and in all such cases all license fees collected by such dealer under the provisions of this act and due and owing to the state, shall be considered and treated as preferred claims and the state shall be a preferred creditor and shall be paid in full."

Appellant concedes allowability as a general claim; also, the state's right to priority if the tax had in fact been collected by bankrupt. But he predicates his contention upon the assumption that bankrupt did not in fact collect the tax. This raised an issue of fact, which upon evidence the referee and the District Court decided against appellant.

For reasons quite unexplained the bankrupt went along for a year and a half openly conducting a retail oil station in a populous community without making the monthly returns of tax collections to the state as required by statute, and evidently without interference on the part of the state.

Bankrupt testified that in selling the gasoline no mention of tax was made; that he sold it at prices from three to six cents lower than the usual prevailing prices thereabout. Substantially the only fact put forth to support the conclusion that he did not collect the tax from the customer is his statement of sales below prevailing prices. This of itself would not prove that the tax was not included in his sale price. Whether he sold at prices in excess of or below the prevailing prices does not determine whether he received the tax.

The tax had for some years been in effect, and retail buyers expected to pay it. When a price was fixed and paid they had reason to believe that the tax was included therein. There are "price cutters" in gasoline as well as in other commodities, and the mere fact that the usual price was cut does not of itself indicate that the tax was not included.

To support the contention that the tax was not included, we have only the testimony of the bankrupt himself. But apart from the very reasonable presumption that if the price received exceeded the amount of the tax then the tax was in fact included, there is evidence in the record tending to show that the tax was in fact included in the price paid. An employee of bankrupt who worked at the station from March, 1929, until the receivership six or seven months later, testified that when he came there, and at all times while there employed, signs were on the pumps, placed below the cards indicating the price, reading, "State tax included." True, bankrupt denied this, but the referee heard and saw these witnesses and his judgment on their credibility we cannot disturb. This witness also testified that while he was there the sale price of gasoline was never more than 2.3 cents lower than standard prices. If this was believed, then it would appear that if the tax was not included bankrupt was in fact charging even more than standard prices.

It was testified by the state auditor that, in talking with bankrupt about this tax, bankrupt said he expected that some time the tax would be called for and he would have to pay it. With this in mind it unduly taxes credulity to believe that he did not, in selling

this gasoline, include the state tax in the sale price.

We can see no reason for disturbing the order of the court, which is hereby affirmed.